# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 3, 2013

Lyle W. Cayce
Clerk

No. 12-50642
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

YOHAN ESCOBEDO-GUIA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-1316-1

Before DeMOSS, PRADO and OWEN, Circuit Judges.

PER CURIAM:[*]

Yohan Escobedo-Guia appeals the within-guidelines sentence imposed following his jury trial conviction for conspiracy to possess with intent to distribute more than 50 kilograms of marijuana in violation of 21 U.S.C. §§ 846 and 841. He argues that his sentence is substantively unreasonable because it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). Specifically, he argues that a lesser sentence was warranted because the drug-trafficking Guidelines lack an empirical basis; he had no prior criminal history

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and posed only a small danger of recidivism; and his personal history indicated that he was struggling to make ends meet to support his family and that he had no history of violence.

In the district court, Escobedo-Guia did not object to the substantive reasonableness of the sentence. Escobedo-Guia argues that such an objection is not required to preserve a challenge to the substantive reasonableness of a sentence, but he acknowledges that this argument is foreclosed by circuit precedent, and he raises the issue to preserve it for further review. Accordingly, we review the substantive reasonableness of the sentence for plain error only. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Under the plain error standard, Escobedo-Guia must show a clear or obvious forfeited error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If Escobedo-Guia makes such a showing, we have discretion to correct the error but should do so only if the error seriously affects the fairness, integrity, or public reputation of the proceedings. *See id.*

As Escobedo-Guia's sentence was within the guidelines range, a presumption of reasonableness applies. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). The lack of an empirical basis for a Guideline that was the basis of the sentence does not affect the presumption of reasonableness. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). While Escobedo-Guia's lack of prior criminal history and his personal history may have been mitigating factors, the district court considered those factors before imposing his sentence. Accordingly, after considering the totality of the circumstances, *see Gall v. United States*, 552 U.S. 38, 51 (2007), we conclude that Escobedo-Guia has not shown that the district court erred, much less plainly erred, in imposing his sentence. *See Rita v. United States*, 551 U.S. 338, 359-60 (2007); *Peltier*, 505 F.3d at 391-92. The judgment of the district court is AFFIRMED.